UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAURICE BOYETTE,

    Plaintiff,

    v.

KEVIN CHAPPELL,

    Defendant.

Case No. 13-cv-04376-WHO

**ORDER GRANTING EQUITABLE TOLLING**

## INTRODUCTION

In a Joint Case Management Statement filed on March 18, 2014, counsel for Maurice Boyette, a condemned prisoner at San Quentin State Prison, indicated that they would request equitable tolling of the one-year statute of limitations applicable to federal habeas petitions at the Case Management Conference on March 25, 2014 because Boyette has a right to counsel but 131 days elapsed from the date he requested counsel until counsel was appointed for him. Respondent objects to the grant of equitable tolling and asked to brief the issue. Because this issue does not require briefing, I deny Respondent's request and GRANT equitable tolling from September 20, 2013 until January 29, 2014.

## BACKGROUND

In 1993, Boyette was convicted in Alameda County Superior Court of the first-degree murders of Gary Carter and Annette Devallier. The jury found true the special circumstance allegation that Boyette committed a multiple murder and sustained the enhancement allegation that he used a firearm in the commission of the murders. He was also convicted of being a felon in possession of a firearm. On March 25, 1993, the jury sentenced him to death. Boyette filed a state

1  habeas petition on October 19, 2000.

2  The California Supreme Court affirmed Boyette's conviction and death sentence. *People v.*
3  *Boyette*, 29 Cal. 4th 381, 403 (2002), *modified* (Feb. 11, 2003), *rehearing denied* (Feb. 11, 2003).
4  It appears that Boyette did not file a petition for a writ of certiorari from the United States
5  Supreme Court.

6  On May 30, 2013, and August 28, 2013, the California Supreme Court filed orders denying
7  all of the claims in Boyette's state habeas petition. (ECF Docket No. 2)

8  Boyette filed a request for appointment of federal habeas counsel and stay of execution in
9  this Court on September 20, 2013. This request was granted. (ECF Docket No. 3) His case was
10 referred to the Selection Board for recommendation of counsel. Counsel were appointed on
11 January 29, 2014. Boyette requests tolling of the 131-day period (September 20, 2013 until
12 January 29, 2014) during which he was without counsel.

### LEGAL STANDARD

14 The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year
15 deadline for an application for writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The one-year
16 limitations period begins to run on "the date on which the judgment became final by the
17 conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.
18 § 2244(d)(1)A). "Direct review" concludes when the United States Supreme Court denies a
19 petition for certiorari or the time for seeking certiorari review expires. *Bowen v. Roe*, 188 F.3d
20 1157 (9th Cir. 1999). In Boyette's case, the one-year period began to run from "the date on which
21 the judgment became final by the conclusion of direct review or the expiration of the time for
22 seeking such review." *Id*. at § 2244(d)(1)A). "Direct review" concludes when the United States
23 Supreme Court denies a petition for certiorari or the time for seeking certiorari review expires.
24 *Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999).

25 The period during which Boyette could have sought certiorari review expired on May 12,
26 2003, 90 days after the California Supreme Court affirmed his conviction and sentence. Boyette's
27 limitations period was statutorily tolled however, during the pendency of his state habeas petition.
28 28 U.S.C. § 2244(d)(2). His state habeas petition was filed on October 19, 2000, and denied in

orders filed on May 13, 2013, and August 28, 2013.  Thus, absent tolling, in order to submit a timely application, petitioner must file a federal habeas petition no later than August 27, 2014.

The one-year limitation period of § 2244(d)(1) is not jurisdictional and can be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 649 (2010).  A federal habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (internal quotation marks omitted).  Although equitable tolling will not be available in most circumstances, it may be appropriate where external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. *See Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

Boyette is entitled to equitable tolling because he had requested counsel but none was appointed for 131 days of his statutory one-year limitations period.  In capital cases, an indigent petitioner has a statutory right to counsel, which includes the right to legal assistance in the preparation of a habeas petition. *See* 18 U.S.C. § 3599(a)(2); *McFarland v. Scott*, 512 U.S. 849, 856-57 (1994).   The Supreme Court has observed that given the complex nature of capital habeas proceedings and the seriousness of the possible penalty, an attorney's assistance in preparing a habeas petition is crucial. *McFarland*, 512 U.S. at 855-56.  In particular, "the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." *Id*. at 858.  Accordingly,

> a capital habeas petitioner is generally entitled to equitable tolling during the time that a court is seeking counsel to represent the petitioner because the lack of appointed counsel is an extraordinary circumstance that often makes it impossible for a petitioner to file an otherwise timely petition that has been prepared with the assistance of counsel.

*Stanley v. Martel*, No. 3-7-cv-4727-EMC, slip op. at 2 (N.D. Cal. July 26, 2011) (Order Granting in Part & Den. in Part 2d Mot. for Equitable Tolling) (internal quotation marks and citation omitted); *see also*, *e.g*., *Jablonski v. Martel*, No. 3-7-cv-3302-SI, slip op. at 2–3 (N.D. Cal. Sept. 9, 2011) (Order Granting Motion for Equitable Tolling); *San Nicolas v. Ayers*, No. 1-6-cv-942-LJO, 2007 WL 763221, at *6 (E.D. Cal. Mar. 9, 2007).   The absence of counsel during 131 days of

Boyette's statutory period constitutes an extraordinary circumstance preventing him from filing the petition that he is statutorily entitled to file.

Boyette has pursued his rights diligently. He initiated the present action and invoked his right to counsel before the statute of limitations expired. *See*, *e.g*., *Hoyos v. Wong*, No. 3-9-cv-388-L-NLS, 2010 WL 596443, at *5 (S.D. Cal. Feb. 16, 2010); *Pollock v. Martel*, No. 4-5-cv-1870-SBA, 2012 WL 174821, at *2 (N.D. Cal. Jan. 20, 2012).

Respondent asserts that Congress enacted the AEDPA to prevent delays, and that granting equitable tolling would "eviscerate the AEDPA." (ECF Doc. No. 9 at 5) While the AEDPA's statute of limitations may indeed aim to remedy delay, it does not negate Boyette's entitlement to equitable tolling under these circumstances.

Respondent further states that because Boyette can only raise exhausted claims on federal review, he already has in his possession the state briefs that will form the basis of his federal petition and tolling is therefore not necessary. *Id*. That is not so. The exhaustion doctrine does not moot Boyette's right to investigate and develop claims for federal habeas review, nor does it defeat his eligibility for equitable tolling.

## CONCLUSION

The Court concludes that Boyette has been pursuing his rights diligently and that the delay in appointing counsel prevents the timely filing of a finalized petition. Boyette's request for equitable tolling is GRANTED. Boyette shall file his finalized petition on or before January 5, 2015.

**IT IS SO ORDERED**.

Dated: March 25, 2014

WILLIAM H. ORRICK
United States District Judge