UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAURICE BOYETTE,

            Petitioner,

    v.

RON DAVIS, Warden of California State Prison at San Quentin,

            Respondent.

Case No.  13-cv-04376-WHO

**ORDER DENYING MOTION TO DISMISS FOR FAILURE TO EXHAUST**

Re: Dkt. Nos. 36, 39, 43

## INTRODUCTION

Petitioner Maurice Boyette, a condemned prisoner at California's San Quentin State Prison, has filed a habeas petition containing twenty-seven claims.  Respondent filed a motion to dismiss all or part of eleven of those claims for failure to exhaust.  (ECF Doc. No. 36)  The parties narrowed their disagreement to seven of the claims and agree to defer discussion of the appropriateness of a stay under *Rhines v. Weber*, 544 U.S. 269 (2005) as an alternative to the dismissal of unexhausted claims until after I make a determination regarding exhaustion.  For the reasons discussed below, I find that claims 1, 3, 9, 10, 23, 24 and 27 are unexhausted in whole or in part.

## BACKGROUND

In 1993, petitioner was convicted in Alameda County Superior Court of the first-degree murders of Gary Carter and Annette Devallier.  Evidence at trial established that petitioner was a bodyguard for a drug dealer named Antoine Johnson.  Johnson learned that Carter and Devallier had allegedly stolen rock cocaine and cash from a house Johnson maintained.  Petitioner accompanied Johnson to the house, confronted Carter and Devallier and in the ensuing melee, shot

and killed both at pointblank range.  The jury found true the special circumstance allegation that petitioner committed a multiple murder, and sustained the enhancement allegation that he used a firearm in the commission of the murders.  Petitioner was also convicted of being a felon in possession of a firearm.  On March 25, 1993, the jury sentenced him to death.  Petitioner filed a state habeas petition on October 19, 2000.  (Case No. S092356, AG009711-AG10273)

The  California Supreme Court affirmed petitioner's conviction and death sentence on direct appeal.  *People v. Boyette*, 29 Cal. 4th 381, 403 (2002), *modified* (Feb. 11, 2003), *rehearing denied* (Feb. 11, 2003).

On November 16, 2006, the California Supreme Court issued an Order to Show Cause limited to petitioner's claims for relief based on juror bias and misconduct.  (AG022329)  An evidentiary hearing with respect to these claims was held in Alameda County Superior Court on November 15-17, 2010.  The referee presiding over the hearing issued his report to the California Supreme Court on December 1, 2010.

On May 30, 2013, the California Supreme Court adopted the referee's findings and ruled against petitioner on his jury bias and misconduct claims.  On August 28, 2013, the California Supreme Court filed an order denying the remainder of the claims in petitioner's state habeas petition.  Petitioner filed a federal habeas petition on January 5, 2015.  (ECF Doc. No. 23)

On March 23, 2015, respondent filed a motion to dismiss petitioner's habeas petition for failure to exhaust claims.  (ECF Doc. No. 36)  In his motion, respondent asserts that claims 1, 3, 5, 6, 8, 9, 10, 17, 23, 24, 25 and 27 are unexhausted in whole or in part, and claim 25 is not ripe for review.

On June 15, 2015, petitioner filed an opposition conceding that claims 1, 10 and 23 are "arguably unexhausted", but disputing the exhaustion status of the remainder of the claims addressed in respondent's motion.  (ECF Doc. No. 39)  Petitioner agrees that claim 25 is not ripe for review.  He further contends that the motion to dismiss should be denied as his petition may be stayed under *Rhines*, 544 U.S. 269, while he exhausts claims in state court.  Petitioner requests however, that the Court determine the exhaustion status of the disputed claims before considering the appropriateness of a stay.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    In a reply filed on July 15, 2015, respondent concedes that claims 5, 6, 8 and 17 are

2 exhausted, leaving in dispute the exhaustion status of claims 1, 3, 9, 10, 23, 24 and 27.[1]  (ECF

3 Doc. No. 43 at 2)  Respondent also defers discussion of the appropriateness of a *Rhines* stay until

4 after petitioner requests one.

5    On August 4, 2015, petitioner filed a statement requesting a hearing on the exhaustion

6 issues raised in the parties' briefs.  (ECF Doc. No. 44)

7

8                                **LEGAL STANDARD**

9    A federal court may not grant habeas relief until the petitioner has exhausted available state

10 remedies with respect to each claim.  28 U.S.C. §2254(b); *Picard v. Connor*, 404 U.S. 270 (1971).

11 The exhaustion doctrine rests on principles of comity and federalism.  *Rose v. Lundy*, 455 U.S.

12 509, 515 (1982).  Exhaustion is required to: (1) protect the state court's role in the enforcement of

13 federal law; (2) prevent disruption of state court proceedings; and (3) reduce piecemeal litigation.

14 *Id*. at 518-20.

15    A federal constitutional claim is exhausted when it has been "fairly presented" to the

16 highest state court and that court has had a meaningful opportunity to apply controlling legal

17 principles to the facts underlying the claim.  *Picard*, 404 U.S. at 276-77; *Anderson v. Harless*, 459

18 U.S. 4, 7 (1982); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985), *cert. denied*, 478 U.S.

19 1021 (1986).  A claim has been "fairly presented" if the petitioner described in state court both the

20 legal theories and the operative facts on which he bases the claim.  *Picard*, 404 U.S. at 277-78; *see*

21 *Crotts v. Smith*, 73 F.3d 861, 865 (9th Cir. 1995).

22    To fairly present the legal theory of a claim, a petitioner must alert the state court that he is

23 asserting a federal constitutional claim, either by citing the constitutional provision on which he

24 relies or otherwise advising the court of the claim's federal basis.  *Duncan v. Henry*, 513 U.S. 364,

25

26 _____

27 [1] Although on page 2 of the reply, respondent states that claims 5, 6 and 8 are exhausted, in what
appear to be typographical errors on pages 1 and 4, he includes claims 5, 6 and 8 in a list of claims
whose exhaustion status remains in dispute.  Even if respondent did not intend to concede that

28 these claims are exhausted, I find that claims 5, 6 and 8 are, in fact, exhausted for the reasons set
forth by petitioner in his opposition.  (ECF Doc. No. 39 at 7-9)

365-66 (1995); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).

The factual basis of a claim has been fairly presented as long as the facts alleged in federal court do not fundamentally alter the nature of the claim, *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir. 1994)), place the claim in a "significantly different and stronger evidentiary posture" than it was when the state courts considered it, or "substantially improve[] the evidentiary basis" of the claim.  *Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988).

Generally, a petitioner may add factual materials supportive of those already in the record without fundamentally altering his claim and rendering it unexhausted.  *See Vasquez,* 474 U.S. at 260 (statistical analyses of facts already in record do not render claim unexhausted); *see also Chacon*, 36 F.3d at 1468 (factual basis of claim that interpreter mistranslated guilty plea proceedings was fairly presented where the state court understood accuracy of translation to be at issue).  However, where the new facts strengthen the claim by contradicting evidence the state court already considered, the new factual materials must be presented to the state court.  *See Aiken*, 841 F.2d at 883-84 & n.3 (new evidence consisting of decibel level studies of tape of petitioner's confession, which conflicted with evidence state court had considered, substantially improved evidentiary posture of claim and required exhaustion).

**DISCUSSION**

**A.  Claim 1**

In claim 1, petitioner alleges that the prosecution's discriminatory exercise of peremptory challenges to exclude African American women from the jury violated his constitutional rights.  Respondent contends that this claim is unexhausted to the extent that it includes a new subclaim alleging that the unconstitutional exclusion of African American jurors was part of a pattern and practice of the Alameda County District Attorney's Office at the time of petitioner's trial.  (ECF Doc. No. 23 at 109)  Petitioner concedes that this claim is unexhausted.[2]  (ECF Doc. No. 39 at 4)

---

[2] Petitioner appears to mistakenly refer to claim 1 as claim 2 in his opposition.  (ECF Doc. No. 39 at 4)

United States District Court
Northern District of California

1  A review of the record establishes that this subclaim has not been presented to the Supreme Court

2  of California.  Accordingly, claim 1 is partially unexhausted.

3  **B.   Claim 3**

4  In claim 3, petitioner alleges that his conviction and death sentence must be vacated

5  because pervasive juror bias and misconduct infected the guilt and penalty phases of his trial.

6  Respondent contends that a portion of this claim, which he characterizes as an ineffective

7  assistance of counsel subclaim premised on state habeas counsel's failure to object to the referee's

8  evidentiary limitation at the evidentiary hearing in state court, is unexhausted.  Respondent cites to

9  paragraphs 111-112 and 114 of claim 3, (ECF Doc. No. 23 at 164-66), as compared to their

10  equivalents in his state habeas petition and petitioner's Exceptions to the Referee's Report.

11  As a threshold matter, the subclaim cited by respondent does not appear to raise allegations

12  of ineffective assistance of counsel.  Rather, the subclaim at issue appears to argue that petitioner's

13  counsel did, in fact, preserve the evidentiary objection for review, and that petitioner is therefore

14  entitled to a review of the merits of his evidentiary claim.  (ECF Doc. No. 23 at 165)

15  In any event, the above-mentioned subclaim does not appear to have a counterpart in the

16  materials petitioner presented to the Supreme Court of California.  *See* Petitioner's State Habeas

17  Petition, AG009797- AG009850; Petitioner's Exceptions to Referee's Report, AG022759-

18  AG022802.  This subclaim is therefore unexhausted.

19  **C.   Claim 9**

20  In claim 9, petitioner alleges that his statement to the police was involuntary and its

21  admission violated his constitutional rights.  Respondent alleges that this claim is unexhausted in

22  part.  I will address each allegedly unexhausted subclaim in turn:

23  • Respondent contends that petitioner's allegation that appellate counsel was ineffective

24  for failing to raise claim 9 on direct appeal is unexhausted.  Petitioner concedes that

25  this subclaim has not been presented in state court, but argues that the state court

26  incorrectly found claim 9 to be procedurally defaulted.  (ECF Doc. No. 39 at 11)

27  Whether petitioner's ineffective assistance subclaim is defaulted or not has no bearing

28  on its exhaustion status.  A claim of ineffective assistance of counsel asserted as an

United States District Court
Northern District of California

5

excuse for procedural default must, itself, be exhausted.  *See Edwards v. Carpenter*, 529 U.S. 446, 452-453 (2000).  The subclaim at issue has not been presented to the state court, c*ompare* ECF Doc. No. 23 at 492 *with* AG010198-99, and is therefore unexhausted.

- Respondent argues that petitioner raises a new factual allegation that law enforcement failed to record significant portions of petitioner's statement.  (ECF Doc. No. 23 at 459)  Petitioner contends that this claim was raised in the state habeas petition.  A review of the record shows that petitioner exhausted this subclaim in his state habeas petition.  *See* AG010206 ("In Petitioner's case, the first hour of the interrogation was not taped.")

- Respondent asserts that petitioner has not exhausted his allegation that trial counsel failed to investigate or seek to present available evidence regarding the Oakland Police Department's interrogation practices in order to corroborate petitioner's suppression hearing testimony, failed to investigate and present evidence of petitioner's background and mental state relevant to his susceptibility to coercive interrogation practices, and failed to adequately establish that the statement was the result of coercive police tactics.  (ECF Doc. No. 23 at 503-04)  A review of the record reveals that petitioner exhausted this claim when he raised it almost verbatim in his state habeas petition.  *See* AG010216.

- Respondent argues that petitioner failed to exhaust his allegation that the Alameda County District Attorney's Office, the Oakland Police Department and their agents failed to disclose material evidence related to petitioner's interrogation in violation of petitioner's rights to due process and a fair trial.  (ECF Doc. No. 23 at 504-05)  A review of the record reveals that petitioner exhausted this claim when he raised it in his state habeas petition.  *See* AG010217.

- Respondent asserts that petitioner failed to exhaust his allegation that to the extent that newly asserted facts could not reasonably have been uncovered by defense counsel, those facts constitute newly discovered evidence which casts fundamental doubt on the

1    reliability of the proceedings such that petitioner's rights to due process and a fair trial

2    have been violated.  (ECF Doc. No. 23 at 505-06)   A review of the record reveals that

3    petitioner exhausted this claim when he raised it in his state habeas petition.  *See*

4    AG010218-19.

5         For the abovementioned reasons, claim 9, with the exception of its ineffective assistance of

6    appellate counsel subclaim, is exhausted.

7    **D.   Claim 10**

8         In claim 10, petitioner alleges that the trial court violated his constitutional rights when it

9    improperly restricted evidence proffered by the defense to corroborate petitioner's testimony.

10   Respondent alleges that this claim is unexhausted in part.  I will address each allegedly

11   unexhausted subclaim in turn:

12        • Respondent contends that petitioner failed to exhaust a subclaim alleging trial

13            counsel's ineffective assistance for failure to ask petitioner's mother, Marcia

14            Surrell, a limited question permitted under the trial court's ruling.  Petitioner

15            concedes that this subclaim is unexhausted.  A review of the record reveals that

16            petitioner indeed failed to raise this subclaim in state court.  *Compare* ECF Doc.

17            No. 23 at 517, n.99 *with* AG009191-92.

18        • Respondent contends that petitioner failed to exhaust a legal subclaim alleging that

19            the trial court's restrictions on petitioner's ability to present evidence about the

20            manner in which his confessions were obtained deprived him of his constitutional

21            right to challenge the prosecution's case.  (ECF Doc. No. 23 at 518-19)  A review

22            of the record reveals that petitioner alerted the state court to the essence this

23            allegation in his opening brief on direct appeal, thereby exhausting this subclaim.

24            *See* AG009191 ("The trial court's numerous erroneous restrictions on Appellant's

25            ability to present evidence of threats to induce Appellant to alter his testimony,

26            violated his Fifth and Fourteenth Amendment right to due process and his Sixth

27            Amendment right to compulsory process.)

28        For the above-mentioned reasons, claim 10, with the exception of its ineffective

United States District Court
Northern District of California

1    assistance of trial counsel subclaim, is exhausted.

2    **E.   Claim 23**

3         In claim 23, petitioner alleges that California's death penalty system is unconstitutional

4    because lengthy and unpredictable delays in the implementation of death sentences have resulted

5    in an arbitrary and unfair capital punishment system violative of the Eighth Amendment.

6    Respondent argues that this claim is entirely unexhausted in that it relies on new evidence and case

7    law that significantly alter the arguments stated in petitioner's state habeas petition.  Petitioner

8    contends that this claim should be excused from the exhaustion requirement for the reasons cited

9    by the Hon. Cormac J. Carney in *Jones v. Chappell*, 31 F. Supp. 3d 1050 (C.D. Cal. 2014), namely

10   that exhaustion would be futile as it would require petitioner to have his claim resolved by the

11   same system he claims to be dysfunctional.

12        A review of the record confirms respondent's contentions.  Claim 23 states facts and legal

13   theories that were not presented in state court.  *Compare* ECF Doc. No. 23 at 605-611 *with*

14   AG010239-010245.  Moreover, petitioner's reliance on *Jones* is misplaced.  The Ninth Circuit

15   recently reversed *Jones* on the grounds that relief on Jones' claim alleging the unconstitutionality

16   of California's death penalty scheme due to excessive delay is precluded by *Teague v. Lane*, 489

17   U.S. 288 (1989), which bars federal courts from applying new rules of constitutional criminal

18   procedure to cases on collateral review.  *See Jones v. Davis*, 806 F.3d 538 (9th Cir. 2015).

19   Although the majority opinion in *Jones* did not decide whether Jones' claim was exhausted or

20   excused from the exhaustion requirement, the Hon. Paul Watford in concurrence opined that it was

21   not exhausted.  *Id*. at 553.   Petitioner fails to cite controlling authority establishing that claim 24

22   need not be exhausted.

23        For the above-mentioned reasons, claim 23 is unexhausted.

24   **F.  Claim 24**

25        In claim 24, petitioner alleges that execution following a lengthy confinement under a

26   sentence of death would constitute cruel and unusual punishment violative of his constitutional

27   rights and international law.  Respondent contends that petitioner's subclaim outlining the

28   privations attendant to life on death row seeks relief based on conditions of confinement and

United States District Court
Northern District of California

8

therefore is not cognizable on habeas.  Petitioner counters that his description of conditions of confinement simply aims to assist me in my consideration of his claim.

To the extent that petitioner's subclaim provides additional facts bolstering his allegation that his prolonged confinement under a sentence of death violates his constitutional rights, these allegations have not been presented in state court.  *Compare* ECF Doc. No. 23 at 613-14 *with* AG010239-AG010245.  Accordingly, this claim is partially unexhausted.

### G.  Claim 27

In claim 27, petitioner alleges that the cumulative effect of the errors and constitutional violations alleged in his petition violate his constitutional rights and require that his conviction and death sentence be vacated.  Claim 27 incorporates by reference all other claims set forth in the petition.  Respondent alleges that to the extent that this claim includes unexhausted allegations, it is unexhausted.  Respondent is correct.  To the extent that claim 27 incorporates unexhausted claims identified in this Order, it is partially unexhausted.

### CONCLUSION

For the above-mentioned reasons, I find and order:

1) Pursuant to Civil Local Rules 7-1(b) and 7-6, respondent's motion is appropriate for submission on the papers without oral argument.  Petitioner's request for a hearing is denied;

2) Claims 1, 3, 9, 10, 24 and 27 are partially unexhausted;

3) Claim 23 is wholly unexhausted;

4) The parties are directed to file a joint case management statement proposing a litigation schedule within 30 days of the date of this Order.

**IT IS SO ORDERED**.

Dated: January 4, 2016



WILLIAM H. ORRICK
United States District Judge