UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE BOYETTE,<br><br>    Petitioner,<br><br>    v.<br><br>RON DAVIS,<br><br>    Respondent. | Case No. 13-cv-04376-WHO<br><br>**ORDER GRANTING MOTION TO HOLD FEDERAL PROCEEDINGS IN ABEYANCE**<br><br>Re: Dkt. No. 48 |

## INTRODUCTION

Petitioner Maurice Boyette, a condemned prisoner at California's San Quentin State Prison, has filed a request to stay his federal habeas petition pending the completion of exhaustion proceedings in state court. Respondent opposes his request. Because Boyette has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and he has not engaged in dilatory tactics, his motion is **GRANTED**.

## BACKGROUND

In 1993, Boyette was convicted in Alameda County Superior Court of the first-degree murders of Gary Carter and Annette Devallier. Evidence at trial established that petitioner was a bodyguard for a drug dealer named Antoine Johnson. Johnson learned that Carter and Devallier had allegedly stolen rock cocaine and cash from a house Johnson maintained. Boyette accompanied Johnson to the house, confronted Carter and Devallier and in the ensuing melee, shot and killed both at pointblank range. The jury found true the special circumstance allegation that Boyette committed a multiple murder, and sustained the enhancement allegation that he used a firearm in the commission of the murders. He was also convicted of being a felon in possession of a firearm. On March 25, 1993, the jury sentenced him to death. The California Supreme Court

affirmed petitioner's conviction and death sentence on direct appeal. *People v. Boyette*, 29 Cal. 4th 381, 403 (2002), *modified* (Feb. 11, 2003), *rehearing denied* (Feb. 11, 2003).

On October 19, 2000, while his appeal was pending, Boyette filed a state habeas petition. (Case No. S092356, AG009711-AG10273). The California Supreme Court issued an Order to Show Cause limited to his claims for relief based on juror bias and misconduct on October 19, 2000. (AG022329). An evidentiary hearing with respect to these claims was held in Alameda County Superior Court on November 15-17, 2010. The referee presiding over the hearing issued his report to the California Supreme Court on December 1, 2010.

On May 30, 2013, the California Supreme Court adopted the referee's findings and ruled against petitioner on his jury bias and misconduct claims. On August 28, 2013, the California Supreme Court filed an order denying the remainder of the claims in Boyette's state habeas petition.

On September 20, 2013, Boyette filed a request for appointment of counsel. (ECF Doc. No. 1) Counsel were appointed on January 29, 2014. (ECF Doc. No. 4) Boyette subsequently filed a request for equitable tolling, which was granted on March 25, 2014. (ECF Doc. No. 12) He filed a federal habeas petition on January 5, 2015. (ECF Doc. No. 23)

On March 23, 2015, respondent filed a motion to dismiss Boyette's habeas petition for failure to exhaust claims. (ECF Doc. No. 36) On January 4, 2016, I denied respondent's motion and determined that claims 1, 3, 9, 10, 23, 24 and 27 are unexhausted in whole or in part. The instant briefing followed.

**LEGAL STANDARD**

The Supreme Court follows a rule of "total exhaustion," requiring that all claims in a habeas petition be exhausted before a federal court may grant the petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). A district court is permitted, however, to stay a mixed petition to allow a petitioner to exhaust his claims in state court without running afoul of the one-year statute limitations period for receiving federal habeas review imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Rhines v. Weber*, 544 U.S. 269, 273-75 (2005). A district court may stay a mixed petition if: 1) the petitioner has good cause for his failure to

2

exhaust his claims, 2) the unexhausted claims are potentially meritorious, and 3) there is no indication that the petitioner intentionally engaged in dilatory tactics. *Id.* at 278.

The Supreme Court has not articulated with precision what constitutes "good cause" for purposes of granting a stay under *Rhines*. In *Pace v. Digugliemo*, 544 U.S. 408, 416 (2005), the Supreme Court stated that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" without exhausting state remedies first. More recently, in *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012), the Supreme Court held that ineffective assistance of post-conviction counsel may constitute cause for overcoming procedural default.

The Ninth Circuit has clarified that "good cause" for failure to exhaust does not require "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). Nonetheless, the good cause requirement should be interpreted in light of the Supreme Court's admonition that stays be granted only in "limited circumstances" so as not to undermine the AEDPA's twin goals of reducing delays in the execution of criminal sentences and streamlining federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). A petitioner's mistaken impression that his counsel included a claim in an appellate brief does not qualify as "good cause" for failure to exhaust because such an allegation could be raised by any petitioner, rendering stay-and-abeyance orders routine. *Id*. More recently, in *Blake v. Baker*, 745 F. 3d 977, 983 (9th Cir. 2014), the Ninth Circuit held that "[ineffective assistance] by post-conviction counsel can be good cause for a *Rhines* stay," finding that such a conclusion was consistent with and supported by *Martinez.*

## DISCUSSION

Boyette satisfies the three pronged test in *Rhines* requirements for a stay. 544 U.S. at 278.

As to the first prong, good cause for failure to exhaust, Boyette alleges that because California's untimeliness rules are unclear, he was compelled by *Pace* to file a mixed petition to avoid risking the loss of his rights and remedies. In *Pace*, the United States Supreme Court discussed, albeit in dicta, the predicament a prisoner could face if he litigated in state court for

3

years only to find out that his petition was untimely and therefore not "properly filed" and not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). 544 U.S. at 416. The Court stated a "prisoner seeking state postconviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Id*. citing *Rhines*, 544 U.S. at 278. The Court in *Pace* went on to state that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' under *Rhines* for him to file in federal court." *Id.*

Boyette's predicament is the type of situation referenced in *Pace*. If he were to raise his unexhausted claims in a successive habeas petition in state court before filing his federal petition, he would risk missing the AEDPA's one-year limitation period if his claims are found to be untimely in state court. He safeguards against such an eventuality by filing his federal petition first and seeking the instant stay.

Respondent argues that Boyette cannot reasonably harbor any confusion about whether his state filing will be timely because California's discretionary untimeliness rules have been determined to be firmly established and regularly follow by the United States Supreme Court in *Walker v. Martin*, 562 U.S. 307 (2011). *Martin*, however, dealt with the adequacy of California's untimeliness rules for purposes of procedural default. *Id*. at 315-321. It did not deal with timeliness rules for purposes of determining whether a petition was properly filed.

Respondent complains that "not one first time *Rhines* stay request in a capital case in this district has been denied," and that "this surely cannot be what the Supreme Court in *Rhines* meant by the concept 'limited circumstances.'" (ECF Doc. No. 49 at 9) As respondent himself acknowledges, however, the definition of good cause need not be limited "to only those excuses that arise infrequently." *Blake*, 745 F.3d at 982. I am not deciding the other cases in this district. In this one, Boyette has demonstrated good cause.

Under the second prong of the *Rhines* test, a district court would abuse its discretion if it were to grant a petitioner a stay when his unexhausted claims are plainly "meritless." *Rhines*, 544 U.S. at 277. A stay is appropriate as long as at least one claim is not plainly meritless. *See*

4

*Petrosky v. Palmer*, No. 3-10-cv-0361, 2013 WL 5278736 *5 (D.Nev. Sept. 16, 2013). Boyette has filed a lengthy petition containing allegations that are not vague, conclusory or patently frivolous. His claims are well-supported by specific averments and numerous exhibits. He has articulated cognizable constitutional claims supported by relevant legal authority, and has presented such evidence and offers of proof as are presently available to him. Based on its review of the record, I cannot conclude that his unexhausted claims are plainly meritless.

Under the third prong of the *Rhines* test, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if . . . there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. I found that Boyette has been pursuing his rights diligently when I granted equitable tolling. (ECF Doc. No. 12) Since then, Boyette has been following this Court's Habeas Local Rules in litigating his petition. There is no evidence that he has engaged in dilatory litigation tactics to date. He satisfies the third and final prong of *Rhines* as well.

**CONCLUSION**

For the above-mentioned reasons, I ORDER:

1) Boyette's motion for a stay is GRANTED;

2) Thirty days after the entry of this Order, and every 90 days thereafter until proceedings in his state exhaustion case are completed, Boyette shall serve and file a brief report updating me on the status of his pending state habeas action. No later than 30 days after proceedings in his state case are completed, Boyette shall serve and file notice that proceedings are completed.

**IT IS SO ORDERED.**

Dated: June 9, 2016

WILLIAM H. ORRICK
United States District Judge