UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAURICE BOYETTE,

    Petitioner,

  v.

RON DAVIS,

    Respondent.

Case No. 13-cv-04376-WHO

**ORDER GRANTING RESPONDENT'S MOTION TO LIFT STAY**

Re: Dkt. No. 53

## INTRODUCTION

Respondent has filed a motion seeking to temporarily lift a stay entered on June 9, 2016 to permit petitioner to exhaust claims in state court. Respondent contends that petitioner has been dilatory in preparing his exhaustion petition and requests that petitioner be ordered to file the exhaustion petition within 30 days. Petitioner opposes respondent's motion. For the reasons discussed below, respondent's motion is GRANTED.

## BACKGROUND

In 1993, petitioner was convicted in Alameda County Superior Court of the first-degree murders of Gary Carter and Annette Devallier. On March 25, 1993, a jury sentenced him to death. The California Supreme Court affirmed petitioner's conviction and death sentence. *People v. Boyette*, 29 Cal. 4th 381, 403 (2002), *modified* (Feb. 11, 2003), *rehearing denied* (Feb. 11, 2003).

Petitioner filed a federal habeas petition on January 5, 2015. (ECF Doc. No. 23) On June 9, 2016, his federal habeas proceedings were stayed pending the completion of exhaustion proceedings in state court. Petitioner was directed to file a report every 90 days to provide an update on the status of his exhaustion proceedings. In a status report filed on July 13, 2016, petitioner stated that he was developing issues for presentation in his exhaustion petition in accordance with the page limitation and other filing requirements set forth in *In re Reno,* 55 Cal. 4th 428 (2012).

On August 26, 2016, respondent filed a motion requesting that petitioner's stay be lifted and that he be ordered to file his exhaustion petition within 30 days as required by *Rhines v. Weber*, 544 U.S. 269 (2005). Petitioner filed an opposition on September 9, 2016.

In a status report filed on October 12, 2016, petitioner states that his counsel are still awaiting appointment by the California Supreme Court to represent him in his state habeas proceedings, but expect to be able to file the exhaustion petition by November 15, 2016.

## DISCUSSION

In *Rhines*, the United States Supreme Court stated:

> Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. A mixed petition should not be stayed indefinitely. Though, generally, a prisoner's "principal interest ... is in obtaining speedy federal relief on his claims," *Lundy*, *supra*, at 520, 102 S.Ct. 1198 (plurality opinion), not all petitioners have an incentive to obtain federal relief as quickly as possible. In particular, capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death. Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. See, *e.g.,Zarvela*, 254 F.3d, at 381 ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed").

*Id*. at 277-78. Although *Rhines* did not establish a rigid time requirement for filing an exhaustion petition, it made clear that the structuring of a stay should reflect the timeliness concerns of the AEDPA. Accordingly, petitioner's stay is lifted for the limited purpose of directing him to file his exhaustion petition no later than November 15, 2016.

## CONCLUSION

For the above-mentioned reasons, I GRANT respondent's motion and direct petitioner to

2

1   file his exhaustion petition by November 15, 2016.

2   **IT IS SO ORDERED**.

3   Dated: October 17, 2016



WILLIAM H. ORRICK
United States District Judge