UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE BOYETTE,<br><br>    Petitioner,<br><br>    v.<br><br>RON BROOMFIELD,<br><br>    Respondent. | Case No. 13-cv-04376-WHO<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO LIFT STAY AND EXCUSE EXHAUSTION**<br><br>Re: Dkt. No. 79 |

## INTRODUCTION

Petitioner Maurice Boyette has filed a motion to excuse his obligation to exhaust claims in state court. He requests that I lift the federal stay of his proceedings and reinstate the litigation of all of the claims contained in his federal habeas petition even though several of those claims are still pending in state court as part of his second state habeas petition. Boyette argues that it would be futile to wait for the state courts to complete their corrective process because delays have rendered that process unavailable or ineffective under 28 U.S.C. § 2254(b)(1)(B). Respondent opposes Boyette's request. For the reasons discussed below, Boyette's motion is DENIED without prejudice to renew this motion in a year if the state courts have not begun reviewing his petition.

## BACKGROUND

In 1993, Boyette was convicted in Alameda County Superior Court of the first-degree murders of Gary Carter and Annette Devallier. Evidence at trial established that Boyette was a bodyguard for a drug dealer named Antoine Johnson. Johnson learned that Carter and Devallier had allegedly stolen rock cocaine and cash from a house Johnson maintained. Boyette accompanied Johnson to the house, confronted Carter and Devallier and in the ensuing melee, shot

1   and killed both at pointblank range.  The jury found true the special circumstance allegation that
2   Boyette committed a multiple murder, and sustained the enhancement allegation that he used a
3   firearm in the commission of the murders.  Boyette was also convicted of being a felon in
4   possession of a firearm.  On March 25, 1993, the jury sentenced him to death.  The California
5   Supreme Court affirmed Boyette's conviction and death sentence on direct appeal.  *People v.*
6   *Boyette*, 29 Cal. 4th 381, 403 (2002), *modified* (Feb. 11, 2003), *rehearing denied* (Feb. 11, 2003).

7    Boyette filed a state habeas petition on October 19, 2000.  On November 16, 2006, the
8   California Supreme Court issued an Order to Show Cause limited to his claims for relief based on
9   juror bias and misconduct.  (AG022329)  An evidentiary hearing with respect to these claims was
10  held in Alameda County Superior Court on November 15-17, 2010.  The referee presiding over
11  the hearing issued his report to the California Supreme Court on December 1, 2010.

12  On May 30, 2013, the California Supreme Court adopted the referee's findings and ruled
13  against Boyette on his jury bias and misconduct claims.  On August 28, 2013, the California
14  Supreme Court filed an order denying the remainder of the claims in petitioner's state habeas
15  petition.  Petitioner filed a federal habeas petition on January 5, 2015.  (ECF Doc. No. 23)  On
16  June 9, 2016, petitioner's federal proceedings were stayed to allow him to return to state court to
17  exhaust unexhausted claims.  (ECF Doc. No. 51)

18  On November 24, 2016, Boyette filed his exhaustion petition in the California Supreme
19  Court.  Prior to that filing, the California electorate passed Proposition 66, which made changes to
20  the state's capital habeas procedures.  Under Proposition 66, capital habeas petitions may be
21  initiated in state superior courts and any pending habeas petitions can be transferred to the superior
22  court in which trial was held.  Proposition 66 became effective on October 5, 2017, following
23  review by the California Supreme Court in *Briggs v. Brown*, 3 Cal. 5th 808 (2017).

24  On May 22, 2019, the California Supreme Court transferred Boyette's exhaustion petition
25  to the Alameda County Superior Court.  On May 10, 2021, the Alameda County Superior Court
26  denied his claims on procedural grounds and on the merits.  Boyette filed his notice of appeal on
27  June 4, 2021, and the record on appeal was filed on August 26, 2021.  The following day, the
28  Court of Appeal entered an order staying the case due to the lack of appropriated funds to

1  compensate counsel.  That order noted Boyette's right to petition the California Supreme Court for
2  compensation, or to file a motion to lift the stay "based on any other circumstances that would
3  allow this appeal to proceed."  (ECF Doc. No. 79, Ex. B).  Boyette filed a motion to compensate
4  counsel in the California Supreme Court on January 20, 2022.  That request was denied on March
5  23, 2022.  No further action has occurred in the state courts.  This briefing followed.

## LEGAL STANDARD

7  A federal court may not grant habeas relief until the petitioner has exhausted available state
8  remedies with respect to each claim.  28 U.S.C. §2254(b); *Picard v. Connor*, 404 U.S. 270 (1971).
9  The exhaustion doctrine rests on principles of comity and federalism.  *Rose v. Lundy*, 455 U.S.
10 509, 515 (1982).  Exhaustion is required to: (1) protect the state court's role in the enforcement of
11 federal law; (2) prevent disruption of state court proceedings; and (3) reduce piecemeal litigation.
12 *Id.*  at 518-20.

13 The United States Supreme Court has explained that "state prisoners must give the state
14 courts one full opportunity to resolve any constitutional issues by invoking one complete round of
15 the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845
16 (1999).  *See also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("prisoner must 'fairly present' his
17 claim in each appropriate state court (including a state supreme court with powers of discretionary
18 review")); *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) ("petitioner satisfies the
19 exhaustion requirement by fairly presenting the federal claim to the appropriate state courts
20 (plural) in the manner required by the state courts").  Additionally, state prisoners must "file
21 petitions for discretionary review when that review is part of the ordinary appellate review
22 procedure."  *Id*. at 847.

23 Under 28 U.S.C. § 2254(b)(1)(B), there are two exceptions to the exhaustion requirement.
24 A petitioner is not required to present a claim in state court if "(i) there is an absence of available
25 State corrective process; or (ii) circumstances exist that render such process ineffective to protect
26 the rights of the applicant."  A state corrective process is unavailable if "there is no opportunity to
27 obtain redress in state court."  *Ducksworth v. Serrano*, 454 U.S. 1, 3 (1981).  It is ineffective if it is
28 "so clearly deficient as to render futile an effort to obtain relief."  *Id*.

United States District Court
Northern District of California

**DISCUSSION**

Boyette argues that he should be excused from the exhaustion requirement because the state corrective process under Proposition 66 is unavailable or ineffective. He asserts that the state has failed to approve and allocate funds for the appointment and compensation of appellate counsel, leaving him indefinitely mired in the state Court of Appeal. Respondent concedes that the state has not yet established a system for the allocation of funds to compensate appellate counsel under Proposition 66. He argues, however, that appellate review of state habeas cases is still occurring in some instances where petitioners are represented by private counsel or by a Federal Public Defender Office. More importantly, he asserts that Boyette has failed to demonstrate that the delay in obtaining review in his case is so excessive that it renders state remedies unavailable or ineffective under § 2254(b)(1)(B).

Inordinate delay in state-court collateral proceedings may excuse the exhaustion requirement for petitioners seeking federal habeas relief. *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1996). It is not clear, however, how long of a delay warrants such excusal. *See*, *e.g.*, *Barker v. Wingo*, 407 U.S. 514, 521 (1972) (in context of right to speedy trial, difficult to "definitely say how long is too long in a system where justice is supposed to be swift but deliberate.")

Boyette cites *Coe v. Thurman*, 922 F.2d 528, 530 (9th Cir. 1990), for the proposition that excessive delay in the postconviction process can render the process ineffective to protect the rights of the petitioner. In *Coe*, the Ninth Circuit considered whether California appellate courts' delays in deciding a direct appeal of a criminal conviction rendered the state's corrective process ineffective. The court held that, "since excessive delay in obtaining an appeal may constitute a due process violation, a prisoner need not fully exhaust his state remedies if the root of his complaint is his inability to do so." *Id*. at 530-31. The court adopted the four-factor test of *Barker* to examine whether a state court's delay warrants dispensing with the exhaustion requirement. *Id*. at 531. Those factors are: a) length of delay; b) reason for delay; c) petitioner's assertion of his right; and d) prejudice to the petitioner. *Id*. at 531-32. The court further highlighted *Barker*'s admonition about the weighing of these factors, stressing that none of the four factors are regarded

4

as "'either a necessary or sufficient condition to the finding'" that delay has rendered a state court's corrective process ineffective. *Id*. at 532 (quoting *Barker*, 407 U.S. at 533). "'Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process.'" *Id*. (quoting *Barker*, 407 U.S. at 533). Ultimately, the court determined that the four-year delay in *Coe*, in conjunction with other factors cited in *Barker*, rose to the level of a due process violation. *Id*. at 532.

With respect to the first *Barker* factor, delay, petitioner fails to show at this time that the two and a half years delay in his case is so excessive that it renders state remedies unavailable or ineffective under Section 2254(b)(1)(B). In this district, a delay of two years and ten months has been found insufficient to excuse exhaustion. *See Ashmus v. Davis*, No. 93-CV-0394 TEH, 2017 WL 2876842 at *2 (N.D. Cal. July 6, 2017) (no statutory exception to exhaustion where petitioner's capital exhaustion petition has been pending for two years and ten months); *see also Majors v. Cullen*, 2:99-cv-00493-KJN (E.D. Cal. March 26, 2010) (four-year delay in California Supreme Court's consideration of lengthy capital habeas petition was not unusual or unjustified); *Letner v. Broomfield*, 18-cv-01459-JLT, 2022 WL 10626051 (E.D. Cal. Oct. 18, 2022) (petitioner's motion to excuse exhaustion proceedings denied where Tulare County Superior Court failed to rule on exhaustion petition within proscribed 60-day timeline, resulting in a 'less than two year delay' from the time petition was filed). In *Coe* itself, the Ninth Circuit looked to comparable Second Circuit cases in which due process violations were established based on delays of three years, five years, six years and over eight years, but rejected the contention that a delay of four years, "standing alone," is sufficient to excuse exhaustion. 922 F.2d at 531.

The second and third *Coe* factors, the reason for the delay and the defendant's assertion of his right, weigh in favor of Boyette. By failing to allocate funds for the appointment and compensation of appellate counsel under Proposition 66, the state is responsible for the delay in Boyette's ability to obtain review of his exhaustion petition. Boyette, in turn, has been diligent in seeking such review. Boyette did not present any argument regarding the fourth factor, prejudice to defendant.

1  Overall, the balancing of *Coe* factors does not tip in favor of petitioner today. Proposition
2  66 was enacted to streamline the post-conviction process in state courts. The state courts must be
3  afforded a reasonable opportunity to apply this statutory scheme before the federal courts decree
4  the entire effort futile, dilatory or ineffective. That said, while some grace is due to the state
5  courts, such grace is not without limits. It appears that Boyette is bearing the brunt of the delay.
6  If the state courts are continuing to delay review of his petition a year from now, Boyette is invited
7  to update and re-file this motion to lift stay and excuse exhaustion on the grounds that the delay is
8  rendering California's process unavailable or ineffective.

## CONCLUSION

For the foregoing reasons, Boyette's motion is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: January 29, 2024



William H. Orrick
United States District Judge

6